J-A33022-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| BOULEVARD AUTO GROUP, LLC D/B/A BARBERA'S AUTOLAND, THOMAS J. HESSERT, JR., AND INTERTRUST GCA, LLC, | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | : : | |
| v. | : : : | |
| EUGENE BARBERA, GARY BARBERA ENTERPRISES, INC., AND GARY BARBERA, | : : : : : | |
| Appellants | : | No. 175 EDA 2015 |

Appeal from the Order Entered December 3, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2014, No. 713

BEFORE:    FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 18, 2016**

Eugene Barbera (Eugene), Gary Barbera (Gary), and Gary Barbera Enterprises, Inc. (the Barbera parties, collectively) appeal from the December 3, 2014 order that denied in part their petition to compel arbitration in this case filed against them by Boulevard Auto Group, LLC d/b/a Barbera's Autoland, Thomas J. Hessert, Jr., and Intertrust GCA, LLC (the Boulevard parties, collectively).  We reverse that portion of the order that denied the petition and remand for further proceedings consistent with this memorandum.

The trial court summarized the background of this case as follows.

_____
* Retired Senior Judge assigned to the Superior Court.

The parties to the instant appeal are involved in two related lawsuits, one of which forms the basis for the instant appeal. On January 19, 2011, Thomas Hessert and Eugene [] formed Boulevard Auto Group. Under Boulevard's Operating Agreement, Hessert ow[n]ed 95% of Boulevard and Eugene [] owned 5%. Boulevard was formed to operate the car dealership that Hessert bought from Gary Barbera Enterprises via an Asset Purchase Agreement entered into on January 29, 2011.

In conjunction with the Asset Purchase Agreement, Hessert, Eugene and Gary [] entered into integrated agreements for Hessert's purchase of the assets of Gary Barbera Enterprises and assumption of its liabilities, an Employment Agreement between Boulevard and Gary [], an Employment and Asset Repurchase Agreement between Boulevard and Eugene [], and a Non-competition Covenant between Boulevard and the Barberas and Gary Barbera Enterprises.

On December 27, 2011, Hessert entered into a Limited Liability Purchase Agreement with Intertrust GCA, by which Intertrust OCA acquired a 47.5% interest in Boulevard, leaving Hessert with a 47.5% interest and Eugene [] with a 5% interest.

On February 16, 2012, Eugene [] attempted to exercise his option to buy Boulevard Auto under the Employment and Asset Repurchase Agreement. Boulevard turned down the offer claiming that [Eugene]'s exercise was made one year too early under the terms of the contract they entered into in 2011.

Boulevard fired Gary [] on May 8, 2012 for misconduct in the workplace and allegedly devising a fraudulent scheme to pay his criminal defense attorney from Boulevard Auto assets. Hessert also charged that Gary [] improperly used trademarked material on billboards, and stole inventory. On November 28, 2012, Boulevard notified Eugene [] that his employment contract would not be renewed but that he could continue on an "at will" basis. Eugene [] worked as an at will employee until he was fired on October 9, 2013.

On May 27, 2014 [the Barbera parties] filed a lawsuit against Hessert alleging that Hessert had breached his obligations to them under the January 29, 2011 Employment and Repurchase Agreement.

The Employment and Repurchase Agreement provides that "[any] dispute, controversy or claim arising out of or relating to this agreement ... shall be finally resolved by arbitration." [Accordingly, by stipulation of the parties, the case proceeded to arbitration.]

The Plaintiffs in the [instant] Declaratory Judgment action are [the Boulevard parties]. The Defendants are [the Barbera parties]. The Plaintiffs in the Declaratory Judgment action filed a complaint seeking a declaration that [] Eugene and Gary Barbera's firing was justified, that they had failed to disclose all pending law suits and tax liens to Hessert, that Gary [] had infringed on Boulevard's trademark rights with billboards he erected, and that the Barberas' use of the Internet domain name GaryBarberaCares constituted cybersquatting under 15 U.S.C. 1125(d).

The Defendants in the Declaratory Judgment action filed a motion for a stay and to compel arbitration on August 7, 2014. After reviewing the parties' legal briefs and entertaining oral argument, the lower court denied the motion by order dated December 2, 2014. This appeal followed.

Trial Court Opinion, 3/19/2015, at 1-3 (citation and footnotes omitted).

Both the Barbera parties and the trial court complied with Pa.R.A.P. 1925.

The Barbera parties present two questions to this Court:

1. Whether the trial court committed an error of law in finding, in paragraphs 3 and 4 of the court's December [3], 2014 order, that Counts III-V of the complaint are not within the broad scope of the arbitration clause in Eugene['s] employment and repurchase agreement, because the merits of Counts III-V of the complaint cannot be reached without resolution of the arbitrable issue of whether Eugene [] properly exercised his repurchase option, and this arbitrable issue constitutes a defense of the Barbera[ parties] to [the Boulevard parties'] claims[.]

2. Whether the trial court committed an error of law in finding, in Paragraphs 3 and 4 of the court's December [3], 2014 order, that Counts III-V of the complaint are not within the broad scope of the arbitration clauses in the Barberas'

employment agreements, because the Hessert purchase transaction [] constitutes one single unified transaction, and all documents evidencing that transaction, including the employment agreements containing the broad "unlimited" arbitration clauses, were incorporated into, *inter alia*, the parties' asset purchase agreement, such that the arbitration clauses apply to all claims reaching any aspect of the Hessert purchase transaction, including Counts III-V of the complaint, which plainly "relate to" the asset purchase agreement because the rights asserted are created by and grounded in the asset purchase agreement.

Barbera Parties' Brief at 4-5 (unnecessary capitalization and trial court answers omitted).

Our review of an order refusing to compel arbitration is

[l]imited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition. Where a party to a civil action seeks to compel arbitration, a two-part test is employed. First, the trial court must establish if a valid agreement to arbitrate exists between the parties. Second, if the trial court determines such an agreement exists, it must then ascertain if the dispute involved is within the scope of the arbitration provision. If a valid arbitration agreement exists between the parties, and the plaintiff's claim is within the scope of the agreement, the controversy must be submitted to arbitration.

In making these determinations, courts must bear in mind:

(1) arbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute.

- 4 -

> To resolve this tension, courts should apply the rules of contractual constructions, adopting an interpretation that gives paramount importance to the intent of the parties and ascribes the most reasonable, probable, and natural conduct to the parties. In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement.

*Provenzano v. Ohio Valley Gen. Hosp.*, 121 A.3d 1085, 1094-95 (Pa. Super. 2015) (citations and quotation marks omitted).

We first consider whether there is a valid agreement to arbitrate among these parties. The Boulevard parties attached five agreements to their complaint: (1) the Boulevard operating agreement; (2) the asset purchase agreement; (3) Gary's employment agreement; (4) Eugene's employment agreement, which contained the option to re-purchase; and (5) the covenant not to compete signed by Gary and Eugene. Complaint, 7/9/2014, at Exhibits 1-5.

Of these five contracts, only the employment agreements contain arbitration provisions. The clauses therein state in relevant part as follows: "Any dispute, controversy, or claim arising out of or relating to this Agreement or a breach hereof or thereof, (a 'Dispute') shall be finally resolved by arbitration in accordance with the then-current rules of the American Arbitration Association." *Id.* at Exhibit 3, ¶ 11 and Exhibit 4 at ¶ 11.

The parties to the agreements which contained arbitration provisions are Gary and Eugene on the one hand, and Boulevard on the other. The complaint at issue is filed by Boulevard and its two owners, Hessert and Intertrust, against the Barberas. Thus, the trial court concluded that these parties have a valid agreement to arbitrate, and we agree.

The real question is whether the claims at issue fall within the scope of that agreement. The complaint contains five counts. Count I seeks declaratory judgment that, *inter alia*, Eugene never validly exercised his option to repurchase the dealership and that Eugene and Gary were properly terminated. Complaint 7/9/2014, at 24-25. Count II states that Eugene and Gary breached the asset purchase agreement by failing to make several disclosures. *Id.* at 26. The trial court held that these two claims fell within the scope of the employment agreements' arbitration clauses, as being "substantially related to, intertwined with, and indivisible from one another and from the claims raised in the pending arbitration proceedings[.]" Order, 12/3/2014, at 1.

Count III avers that Eugene and Gary infringed upon the Boulevard parties' ownership interest in registered trademarks such as "Is Barbera the best? Boy I guess!" and "Barbera Cares" and violated their covenants not to compete by operating and advertising the website GaryBarberaCares.org. Complaint, 7/9/2014, at 26-28. Similarly, Count IV is a claim for cybersquatting based upon Boulevard's alleged ownership of the above-

referenced trademarks and the Barbera parties' use of the GaryBarberaCares.org domain name. *Id.* at 29. Count V, stating a claim under the Unfair Trade Practices and Consumer Protection Law (UTCPCL), also is based upon the Barbera parties' use of marks and designations allegedly owned by Boulevard.

The trial court declined to send Counts III, IV, and V to arbitration. The trial court's reasoning for this decision, as expressed in its opinion, is as follows in its entirety:

> In the instant case, Counts III, IV and V of the Declaratory Judgment action are statutory claims not related to Eugene Barbera's Employment and Repurchase Agreement or the question of whether he properly exercised his option to repurchase. Therefore, the lower court correctly determined that the Motion to Stay Proceedings and Compel Arbitration should be denied.

Trial Court Opinion, 3/19/2015, at 4.

We fail to see how Counts III through V of the complaint are any less "related to, intertwined with, and indivisible from"[1] the issues raised in the pending arbitration than are the issues raised in Counts I and II. To the contrary, the Boulevard parties' claims in these counts are entirely dependent upon their ownership of the dealership. If Eugene properly exercised his option to repurchase, then it appears that Eugene, and not Boulevard, would and should have owned the marks and domain names at issue in Counts III, IV, and V.

---

[1] Order, 12/3/2014, at 1.

The arbitration clause in Eugene's employment contract and repurchase agreement mandates arbitration of "[a]ny dispute, controversy, or claim arising out of or relating to this Agreement[.]" Complaint, 7/9/2014, at Exhibit 4 at ¶ 11. Resolution of the claims and controversy surrounding the ownership of the dealership's trademarks and internet domain names relates to Eugene's purported exercise of his repurchase option. Accordingly, we hold that the trial court erred in denying in part the Barbera parties' motion to stay and to compel arbitration.[2] All counts of the complaint must be arbitrated, and court proceedings with respect to all counts must be stayed.

Order reversed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

P.J.E. Ford Elliott joined in the memorandum.

Judge Stabile did not participate in the decision of this case.

---

[2] Because we hold that the claims at issue relate to Eugene's employment and repurchase agreement, we need not address the Barbera parties' second argument on appeal that the arbitration clauses in the employment agreements were incorporated into the other agreements by virtue of their constituting a single unified transaction.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/18/2016